UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL TYRONE FOSTER,<br><br>         Plaintiff,<br><br>    v.<br><br>J. HUEWE, et al.,<br><br>         Defendants. | Case No.: 1:16-cv-01839-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 9) |

Plaintiff Derryl Tyrone Foster is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following Plaintiff's decline to proceed before a United States Magistrate Judge, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Now pending before the Court is Plaintiff's motion for appointment of counsel, filed December 19, 2016. (ECF No. 9.) Plaintiff states in support that he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, he has limited law library access and knowledge of the law, counsel will better present evidence and witnesses, and he has witnesses at Corcoran State Prison who need to be located by a lawyer.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

him pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the court to evaluate a plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

At this time, the Court does not find the exceptional circumstances necessary to request volunteer counsel at this time. At this early stage in the litigation, the Court cannot find any likelihood of success on the merits. Although Plaintiff's complaint has not yet been screened to determine whether it states a cognizable claim upon which relief may be granted, a brief review of the record shows that he is able to adequately articulate his allegations and positions. His other circumstances are not exceptional. Plaintiff's complaint will be screened in due course.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for appointment of counsel, filed December 19, 2016 (ECF No. 9), will be DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 27, 2016**

UNITED STATES MAGISTRATE JUDGE