# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL TYRONE FOSTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. HUEWE, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01839-AWI-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 30] |

　　　　Plaintiff Derryl Tyrone Foster is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On December 21, 2017, Plaintiff filed a second motion for appointment of counsel. As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and]

1

the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the court to evaluate a plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

At this time, the Court does not find the exceptional circumstances necessary to request volunteer counsel at this time. Plaintiff is proceeding on claims of excessive force and failure to protect for which the legal issues are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.") Accordingly, Plaintiff's second motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **December 22, 2017**

_____
UNITED STATES MAGISTRATE JUDGE