# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL TYRONE FOSTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. HUEWE, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01839-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' EXHAUSTION-RELATED MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 28] |

Plaintiff Derryl Tyrone Foster is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' exhaustion-related motion for summary judgment, filed December 6, 2017.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendants Huewe and Vargas for failure to protect and against Defendants Cordova and McIntyre for excessive force in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on September 11, 2017. (ECF No. 20.) On September 13, 2017, the Court issued the discovery and scheduling order. (ECF No. 22.)

1

On September 28, 2017, Plaintiff filed a first amended complaint pursuant to Federal Rule of Civil Procedure 15(a). (ECF No. 23.) Defendants elected not to amend their answer.

As previously stated, on December 6, 2017, Defendants filed a motion for summary judgment based on Plaintiff's alleged failure to exhaust the administrative remedies. (ECF No. 28.) Plaintiff filed an opposition on January 8, 2018, and Defendants filed a reply on January 16, 2018. (ECF Nos. 33, 34.) On January 25, 2018, Plaintiff filed a supplemental opposition which the Court construes as a surreply.[1] (ECF No. 35.)

## II.

## LEGAL STANDARD

### A.  Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and

---

[1] Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). Although Plaintiff does not have a right to file a surreply, in this instance the Court will exercise its discretion and consider the surreply in ruling on Defendants' motion for summary judgment.

unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

"An inmate is required to exhaust only available remedies." Albino, 747 F.3d at 1171 (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Albino, 747 F.3d at 1171 (quoting Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005)). In Ross v. Blake, the Court set forth the following three examples of when the administrative remedies are not available: (1) the "administrative procedure … operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme … [is] so opaque that it becomes, practically speaking, incapable of use … to that no ordinary prisoner can make sense of what it demands; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S.Ct. at 1859-60 (citations omitted). In addition, when an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-1226 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

**B.    Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.

### DISCUSSION

**A.     Description of CDCR's Administrative Remedy Process**

Plaintiff is a former state prisoner who was at the time of filing the instant complaint in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d at 818. CDCR's administrative grievance process for non-

4

medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

**B.     Summary of Allegations Underlying Plaintiff's Constitutional Claims**

The incidents alleged in the complaint occurred while Plaintiff was housed at the California State Prison, Corcoran. Between May 4 through May 22, 2016, Plaintiff was assigned as a kitchen worker in A1-A and the kitchen was in the process of being remodeled. While Plaintiff was working on the line in 3B05 block a fight broke out in B-section involving neighboring inmate Leyva. The third watch officers moved Leyva to cell 220 in another building and replaced him with inmate Antonio Rodriguez. That same or following day, Rodriguez called over the vent and asked Plaintiff if he could get a floater television in the building. Plaintiff told Rodriguez no and stated that he was better off going back to 2 or 3 block for that because officer Huewe will take it.

Around May 13, 2016, at morning meal, Rodriguez stepped out of line and talked with officers Huewe and Vargas regarding something that seemed suspicious. The next day at morning meal, Rodriguez disrespectfully cut off Plaintiff's cellmate Mr. Stratford. Around May 14, 2016, on the morning yard, Rodriguez stopped Plaintiff to ask if he could keep the noise down because he was in school and needed to rest, and Plaintiff told him sure. Plaintiff did not know what noise he was talking about but made sure not to make noise out of respect for Rodriguez. Later the same day, Rodriguez asked the building porter "Shadow" who was housed in cell 229, 230 or 231 in B-section and to inquire about his cell move. Thereafter, "Shadow" talked with officers Huewe and Vargas.

On May 17, 2016, officers Huewe and Vargas told Plaintiff to step out of their cell for a cell search. On May 21, 2016, at third watch there was some cell moves done and Rodriguez was not one of the inmates moved. Rodriguez began kicking his cell door and yelling about a cell move but received no response.

The next morning, at morning recreational yard release, officers Huewe and Vargas required Plaintiff's cellmate Mr. Stratford to stay in his cell because of his disciplinary status, but Plaintiff went

5

out to yard. Plaintiff went to the gym line to play basketball on the other side of the yard from Block 5 building. While Plaintiff was standing in the line, he looked up and Rodriguez came at him with his fist bald up to attack Plaintiff and Plaintiff defended himself. A fight ensued until officer's arrived.

When Plaintiff returned from the nurse, Mr. Stratford told Plaintiff that he saw Rodriguez talk to officers Huewe and Vargas regarding his cell move and they said "find your own way to get you a cell move." Rodriguez stated well I'm about to go and fight and Huewe said "I don't care go on and handle your business." Vargas was standing there during the conversation between Huewe and Rodriguez and both officers allowed Rodriguez to run out of the building and attack Plaintiff.

After the incident was over, Defendant Cordova ordered Plaintiff to prone out on the ground. Plaintiff complied; and Defendant Cordova searched and handcuffed Plaintiff. Plaintiff told Defendant Cordova to be careful with his right hand because she was hurting him. Defendant Cordova said so what and grabbed Plaintiff's right thumb and bent it back to his wrist. Defendant Cordova tried to pick Plaintiff up off the ground and she was unable to do so. Defendant McIntyre saw the struggle and grabbed Plaintiff's handcuff links and yanked Plaintiff off the ground hurting his wrist.

Plaintiff seeks compensatory and punitive damages.

### C. Statement of Undisputed Facts[2]

1. Plaintiff is, and was at all times relevant to this action, a prisoner incarcerated within the California Department of Corrections and Rehabilitation ("CDCR"). (1st Amd. Compl., ECF No. 24.)

2. Plaintiff was, at all times relevant to this action, an inmate at California State Prison-Corcoran ("Corcoran"). (1st Amd. Compl.)

3. The only appeals submitted by Plaintiff between May 1, 2016, and July 16, 2017, that identify any of the Defendants in this case—Huewe, Vargas, Cordova, and/or McIntyre—or relate to the incident that is the subject of this action, a fight on May 22, 2016, between Plaintiff and inmate

---

[2] Referenced hereinafter as "UDF".

Rodriguez are: CSPC-3-16-02828, CSPC-3-16-03040, and CSPC-3-16-03166. (Decl. of M. Oliveira, ¶¶ 7-8, ECF No. 28-4.)

4. Neither CSPC-3-16-02828, CSPC-3-16-03040, nor CSPC-3-16-03166 asserts that either Cordova or McIntyre subjected Plaintiff to excessive force. (Appeals with Log Nos. CSPC-3-16-03040, CSPC-3-16-03166, and CSPC-3-16-02828, attached as Exhibits "B," "C," and "C," respectively, to Oliveira Decl.)

5. Neither CSPC-3-16-02828, CSPC-3-16-03040, nor CSPC-3-16-03166 identifies or otherwise mentions either Cordova or McIntyre. (Appeals with Log Nos. CSPC-3-16-03040, CSPC-3-16-03166, and CSPC-3-16-02828, attached as Exhibits "B," "C," and "C," respectively, to Oliveira Decl.)

6. Among CSPC-3-16-02828, CSPC-3-16-03040, and CSPC-3-16-03166, the only appeal that relates to the alleged failure to protect Plaintiff by Huewe and Vargas that resulted in a fight with Rodriguez on May 22, 2016, is CSPC-3-16-02828. (Appeals with Log Nos. CSPC-3-16-03040, CSPC-3-16-03166, and CSPC-3-16-02828, attached as Exhibits "B," "C," and "C," respectively, to Oliveira Decl.)

7. The appeal with Log No. CSPC-3-16-02828 is dated May 26, 2016, and was received by the Appeals Office at Corcoran on or about May 31, 2016. (Oliveira Decl., ¶ 11; IATS Log, attached as Exhibit "A" to Oliveira Decl.; appeal with Log No. CSPC-3-16-02828, attached as Exhibit "D" to the Oliveira Decl.)

8. On June 1, 2016, the appeal with Log No. CSPC-3-16-02828 was screened-out at the first level because the action Plaintiff was requesting—postponing a Rules Violation Report ("RVR")—could not be done, as the charges were non-DA referable and only DA referable charges can be postponed. The appeal was returned to Plaintiff on or about June 1, 2016, with a letter requesting that he clarify the action requested. (Oliveira Decl., ¶ 12; letter attached as Exhibit "E" to the Oliveira Decl.)

9. Plaintiff returned the letter with a notation that he was requesting that the RVR be dismissed because Huewe and Vargas encouraged Rodriguez to fight. (Oliveira Decl., ¶ 13; Plaintiff's notation on the letter attached as Exhibit "E" to the Oliveira Decl.)

7

10. On June 9, 2016, the appeal with Log No. CSPC-3-16-02828 was screened-out at the second level of review in accordance with section 3084.6(b)(7) of Title 15 because Plaintiff had not submitted documents necessary to evaluate it; specifically, a copy of the final RVR signed by the Chief Disciplinary Officer demonstrating that Plaintiff was found guilty of the offense charged, along with the evidence submitted at the hearing. Without such information, the Appeals Coordinator and other prison officials could not properly consider the action Plaintiff was requesting; i.e., dismissal of the RVR. The appeal was returned to Plaintiff on or about June 9, 2016, with a letter requesting that he attach a copy of the final Rules Violation Report signed by the Chief Disciplinary Officer, along with the evidence submitted at the hearing. (Oliveira Decl., ¶ 14; letter attached as Exhibit "F" to the Oliveira Decl.)

11. Plaintiff returned the appeal with some extraneous documents, but without the requested final RVR and supporting evidence. On or about June 23, 2016, the appeal was screened-out once again and Plaintiff was advised to return the appeal without the extraneous documents. (Oliveira Decl., ¶ 15; letter attached as Exhibit "G" to the Oliveira Decl.)

12. Plaintiff returned the appeal without the extraneous documents. However, the appeal still did not contain necessary documents; specifically, the final RVR and supporting evidence. It was, therefore, screened-out in accordance with section 3084.6(b)(7) of Title 15 and returned to him on or about June 28, 2016, along with a letter advising him to resubmit the appeal within thirty days with the requested final RVR and supporting evidence. (Oliveira Decl., ¶ 16; letter attached as Exhibit "H" to the Oliveira Decl.)

13. The appeal with Log No. CSPC-3-16-02828 was never resubmitted (with or without the requested supporting documentation) following the June 28, 2016 screen-out, and no decision was ever issued at the first or second level of review for this appeal. (Oliveira Decl., ¶ 17.)

14. Plaintiff submitted the appeal with Log No. COR-16-02828 to the Office of Appeals for review at the third and final level. The Office of Appeals received it on August 15, 2016. (Decl. of M. Voong, ¶¶ 6-7, 9; Tracking System Log, attached as Exhibit "A" to the Voong Decl.; appeal with Log No. COR-16-02828, attached as Exhibit "C" to the Voong Decl.)

15. On or about October 28, 2016, the appeal with Log No. COR-16-02828 was screened-out at the third level of review in accordance with section 3084.6(b)(15) of Title 15 because Plaintiff submitted the appeal to the Office of Appeals before obtaining a decision at the second level of review. (Voong Decl., ¶ 10; Tracking System Log. Attached as Exhibit "A" to the Voong Decl.; letter attached as Exhibit "D" to the Voong Decl.)

16. No decision was ever issued at the third and final level of review for the appeal with Log No. COR-16-02828. (Voong Decl., ¶ 11.)

**D.  Analysis and Findings on Defendants' Motion**

Defendants argue that it is undisputed that Plaintiff never submitted any inmate appeal related to his excessive force claim against Defendants Cordova and McIntyre. Defendants further argue that although Plaintiff did submit an appeal related to his failure to protect claim against Defendants Huewe and Vargas, it was properly screened-out in accordance with Title 15 as a result of his failure to comply with applicable regulations.

Here, there is no dispute that that CDCR has an administrative remedy process for inmate grievances which is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days. Cal. Code Regs., tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted); Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015); Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

    1.    Excessive Force Claim Against Defendants Cordova and McIntyre

It is undisputed that Plaintiff did not submit an inmate appeal that either (a) identifies Cordova and McIntyre, or (b) relates to his excessive force claim against them. (UDF 4.) However, Plaintiff argues that he would have exhausted the administrative remedies if prison officials had investigated his grievance related to the alleged failure to protect by Defendants Huewe and Vargas, during an investigation of Appeal Log No. CSPC-3-16-02828. Plaintiff argument is without merit.

As previously stated, an inmate is required to exhaust only available remedies." Albino, 747 F.3d at 1171 (citing Booth v. Churner, 532 U.S. 731, 736 (2001)). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" Albino, 747 F.3d at 1171 (quoting Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005)). In Ross v. Blake, the Court set forth the

9

following three examples of when the administrative remedies are not available: (1) the "administrative procedure … operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme … [is] so opaque that it becomes, practically speaking, incapable of use … to that no ordinary prisoner can make sense of what it demands; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S.Ct. at 1859-60 (citations omitted). In addition, when an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d at 823; see also Nunez v. Duncan, 591 F.3d at 1224-1226 (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d at 940 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

In this instance, Plaintiff has failed to present evidence that prison officials somehow prevented him from submitting a grievance regarding the alleged use of excessive force by Cordova and McIntyre. Furthermore, Plaintiff's contention that he would have raised the excessive force issue in the appeal regarding his failure to protect against Huewe and Vargas, even if true, does not excuse him from exhaustion. Proper exhaustion of the administrative remedies demands compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 91 (2006). Thus, prisoners are required to submit appeals on a CDCR Form 602, and identify each staff member alleged to have been involved in the action or decision being appealed as well as describe all staff members' involvement in the issue. Cal. Code Regs. tit. 15, §§ 3084.2(a), 3084.2(a)(3) (2016). "Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602." Cal. Code Regs. tit. 15, § 3084.1(b) (2016); see also Valencia v. Gipson, No. 1:12-cv-01446 AWI SAB, 2015 WL 2185220, *10 (E.D. Cal. 2015). Therefore, raising the claim that Cordova and McIntyre used excessive force during the investigation of Appeal Log No. CSPC-3-16-02828, rather than by way of a separate Form 602 as required by CDCR regulations, would not have sufficed to properly exhaust the administrative remedies as to Plaintiff's excessive force claim against Defendants

Cordova and McIntyre. Accordingly, Defendants' motion for summary judgment should be granted.

2. <u>Failure to Protect Claims Against Defendants Huewe and Vargas</u>

Appeal Log No. CSPC-3-16-02828 was received by the Office of Appeals on August 15, 2016. (Voong Decl. ¶ 9, Ex. C.) In Appeal Log No. CSPC-3-16-02828, Plaintiff requested that the RVR he received for fighting on May 22, 2016, be dismissed. (UDF 9.) Plaintiff claimed that because officers Huewe and Vargas encouraged inmate Rodriguez to fight him he was simply defending himself and should not have received a RVR. Plaintiff attached a copy of the original RVR, but he did not include a copy of the final RVR signed by the Chief Disciplinary Officer indicating that he was actually found guilty of the charged offense. (UDF 10.) Nor did Plaintiff submit copies of the evidence presented at the hearing. (Id.)

Each prison is required to have an "appeals coordinator" whose job it is to "screen all appeals prior to acceptance and assignment for review." Cal. Code Regs. tit. 15, § 3084.5(b). The appeals coordinator may refuse to accept an appeal, by "rejecting" or "cancelling" it. Id., § 3084.6(a) ("Appeals may be rejected pursuant to subsection 3084.6(b), or cancelled pursuant to subsection 3084.6(c), as determined by the appeals coordinator"). Pursuant to the regulations, "a cancellation or rejection decision does not exhaust administrative remedies." Id., § 3084.1(b). Under section 3084.6(b)(7) of Title 15, an appeal can be rejected if it is missing necessary supporting documents. Cal. Code Regs. tit. 15, § 3084.6(b)(7) (2016). "Supporting documents" are defined by section 3084(h) to include, among other things, "documents that are needed to substantiate allegations made in the appeal including … disciplinary reports with supplements…" Cal. Code Regs. tit. 15, § 3084(h) (2016).

In the initial appeal, dated May 26, 2016, Plaintiff requested that the RVR be postponed so that the incident could be thoroughly investigated. (Oliveira Decl. ¶ 11, Ex. D.)[3] On June 1, 2016, the appeal was screened-out at the first level because the action Plaintiff was seeking—postponement of the RVR—could not be done, as the charges were non-DA referable. Only DA referable charges can be postponed. (Id. ¶ 12, Ex. E.) The appeal was returned to Plaintiff on or about June 1, 2016, with a

---

[3] M. Oliveira, is the Custody Appeals Coordinator at California State Prison-Corcoran. (Oliveira Decl. ¶ 1; ECF No. 28-4.)

letter directing that he clarify the action requested. (Id.) Plaintiff returned the letter indicating that he was requesting that the RVR be dismissed because Huewe and Vargas encouraged inmate Rodriguez to fight. (Id. ¶ 13, Ex. E.) The appeal bypassed the first level of review and was submitted to the second level. (Id. ¶ 13.)

The appeal was screened out at the second level of review pursuant to section 3084.6(b)(7) because Plaintiff failed to submit documents necessary to evaluate it; specifically, a copy of the final RVR signed by the Chief Disciplinary Officer, demonstrating that he was found guilty of the offense charged, along with evidence submitted at the hearing. (Id. ¶ 14.) Oliveira declares that "[w]ithout such information, the Appeals Coordinator and other prison officials could not properly consider the action [Plaintiff] was requesting; i.e., dismissal of the RVR." (Id.) The appeal was returned to Plaintiff on or about June 9, 2016, with a letter requesting that he attach a copy of the final RVR signed by the Chief Disciplinary Officer, along with the evidence submitted at the hearing. (Id., Ex. F.)

Plaintiff returned the appeal with some other extraneous documents, but without the final RVR and supporting evidence. (Id. ¶ 15.) On or about June 23, 2016, the appeal was again screened-out and Plaintiff was advised to re-submit the appeal without the extraneous documents. (Id., Ex. G.) Plaintiff removed the extraneous documents and returned the appeal, but it still did not contain the necessary RVR and supporting evidence. (Id. ¶ 16.) Therefore, the appeal was again screened out pursuant to section 3084.6(b)(7) and returned to Plaintiff on or about June 28, 2016, with a letter instructing him to resubmit the appeal within thirty days along with the requested final RVR and supporting evidence. (Id., Ex. H.) There is no record of Appeal Log No. CSPC-3-16-028282 being resubmitted with or without the necessary supporting documentation. (Id. ¶ 17.)

However, Plaintiff submitted the appeal with Log No. COR-16-02828 to the Office of Appeals for review at the third and final level, which was received on August 15, 2016. (Decl. of M. Voong, ¶¶ 6-7, 9.) On or about October 28, 2016, the appeal with Log No. COR-16-02828 was screened-out at the third level of review in accordance with section 3084.6(b)(15) of Title 15 because Plaintiff submitted the appeal to the Office of Appeals before obtaining a decision at the second level of

review. (Voong Decl., ¶ 10.) No decision was ever issued at the third and final level of review for the appeal with Log No. COR-16-02828. (Voong Decl., ¶ 11.)

This appeal was properly screened-out at the institutional level because Plaintiff failed to submit a copy of the necessary and final RVR with the appeal. Cal. Code Regs. tit. 15, § 3084.6(b)(7); see also Lathan v. Ducart, No. 14-CV-04389-DMR (PR), 2016 WL 1180201, at *6-13 (N.D. Cal. March 25, 2016) (finding the rejection of an appeal related to an RVR proper where the inmate failed to submit a copy of the final RVR); Campbell v. Beard, No. 1:14-cv-00801 LJO SAB PC, 2015 WL 6705605, at *4 (E.D. Cal. Nov. 3, 2015) (same); James v. Calipatria State Prison, No. 3:14-cv-00964-BTM-MDD, 2015 WL 8759031, at *2 (S.D. Cal. Dec. 14, 2015) (inmate failed to comply with procedural requirement to submit necessary supporting documentation along with inmate appeal). In addition, the appeal was properly screened-out at the third level of review because Plaintiff improperly bypassed the second level of review. Cal. Code Regs. tit. 15, § 3084.6(b)(15) (2011) (prohibits attempts to bypass lower levels of review); see also Purtue v. Kearnes, No. 1:15-cv-00551-DAD-SAB (PC), 2017 WL 1064651, at *9 (E.D. Cal. 2017) (noting that appeal was properly rejected when submitted directly to the third level of review in violation of section 3084.6(b)(15)).

In his opposition and surreply, Plaintiff contends that he should be excused from the exhaustion requirement because he never received a copy of the final 115 RVR, despite his requests for it. However, Plaintiff has failed to present any evidence or provide a reasonable explanation as why he was unable to obtain a copy of the final RVR at any time after it was first requested by the appeals coordinator on June 9, 2016.[4] In his opposition, Plaintiff simply claims that he received an incomplete RVR and did not wish to submit it because it was evidence and he had a hard time obtaining a copy of the injury report 7219. (Pl.'s Opp'n at 4.) However, Plaintiff is not at liberty to disagree with the provided instructions and the fact he did not want to submit the RVR he was in possession of does not excuse him from providing the necessary documents to properly analyze his grievance. See, e.g., Harrison v. Morring, No. C 10-3701 RS PR, 2011 WL 2446309, at *2 (N.D. Cal.

---

[4] Attached to his surreply, Plaintiff submits inmate grievances dated May 26, 2016 and June 9, 2016, respectively in which he requested a final copy of the RVR. (Surreply, Ex. D; ECF No. 35.) In contrast, Plaintiff attaches documents that demonstrate he requested, and was successful in obtaining, a copy of the Form 7219 related to the subject incident with inmate Rodriguez. (Pl.'s Opp'n, pp. 37-43, ECF No. 33.)

13

2011) (although the plaintiff claimed that certain documents requested by the appeals coordinator were "unavailable," the court nevertheless found that the plaintiff had not shown that administrative remedies were unavailable where he failed to specify "whether or not he sought to obtain these documents, and why his requests, if any, for these documents were ignored or denied."). Furthermore, if Plaintiff could not obtain the supporting documents as he claims in his surreply, he could have provided an explanation why the supporting documents were not available to him, Cal. Code Regs. tit. 15, § 3084.3(b)-which he failed to do.   When Plaintiff submitted appeal Log. No. CSPC-3-16-02828 to the third level of review Plaintiff simply stated, "Dated 8-9-2016 Tuesday I added my copy of 7219 Report of Injury or Unusual Occurrence.  I want to get a log number from 3rd level on appeals coordinator.  Thank you." (Voong Decl., Ex. C.)  Thus, contrary to the appeal instructions provided at the second level of review on July 28, 2016, Plaintiff failed to submit or explain why he did not or could not obtain and submit a copy of the necessary final RVR and supporting evidence.  Moreover, there is no evidence that Plaintiff appealed the rejection of his appeal at the third level of review on October 28, 2016, which clearly stated, "[b]e advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3094.6(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted." (Id.)  Accordingly, Defendants' motion for summary judgment should be granted.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted in its entirety; and

2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

///

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 26, 2018**

UNITED STATES MAGISTRATE JUDGE